AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California  94583
Telephone:  (925) 855-8080
Facsimile:  (925) 855-8090

Attorneys for Secured Creditor,
WELLS FARGO BANK, N.A.,
dba WELLS FARGO DEALER SERVICES

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 15-10233-B-13 |
| PEDRO NAVEIRAS, JR. and ZENAIDA ALICIA NAVEIRAS, | D.C. No. APN-1 |
| Debtors. _____/ | MOTION BY SECURED CREDITOR, WELLS FARGO BANK, N.A., DBA WELLS FARGO DEALER SERVICES, FOR RELIEF FROM AUTOMATIC STAY RE: 2012 TOYOTA COROLLA, (V.I.N. JTDBU4EEXC9170391),[11 U.S.C. § 362(d)(1) and Local Rule 4001-1, Local Rule 9014-1] |
| | Date:  May 7, 2015<br>Time:  1:30 p.m.<br>Judge:  W. Richard Lee<br>Ctrm:  U.S. Courthouse<br>         510  19th Street,<br>         Bakersfield, CA |

     This is a core proceeding as defined by the United States Bankruptcy Code and this Secured Creditor consents to a final Order or Judgment by the above-entitled Court.

     The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157(a), et seq. and 28 U.S.C. § 1334, et seq.

PLEASE TAKE NOTICE that as specified above, WELLS FARGO BANK, N.A., dba WELLS FARGO DEALER SERVICES (hereinafter referred to as "Secured Creditor"), a Secured Creditor of Debtor, PEDRO NAVEIRAS, JR. (hereinafter referred to as "the Debtor"), will move this Court to vacate the automatic stay entered in this proceeding as it pertains to the 2012 Toyota Corolla (V.I.N. JTDBU4EEXC9170391) (hereinafter referred to as the "property"), so that Secured Creditor's secured interest in and to the property may be repossessed or otherwise disposed of in any manner permitted by the laws of the State of California.

PLEASE TAKE FURTHER NOTICE that there is no provision under the prevailing contractual agreement or under California State law which requires Secured Creditor to send monthly invoices or payment coupons and Secured Creditor contends that upon assignment of the contract to Secured Creditor Debtor was, in the normal course of business, informed of the identity of the holder of the contract, the amount of the monthly payment, the date upon which the monthly payment is due, and the address to which monthly payments should be sent.  Additionally, Secured Creditor contends that Debtors was also admonished not to rely upon the receipt of monthly statements or payment coupons in order to make the monthly payments.

PLEASE TAKE FURTHER NOTICE that prior to filing this Motion For Relief From Automatic Stay, counsel for Secured Creditor sent counsel for Debtor, and the Trustee a notice setting forth the amounts currently past due. A true and correct photocopy of the aforementioned notice is filed separately and is incorporated herein by reference.

This Motion is made on the grounds that the prevailing contractual agreement is in default and that Secured Creditor is without adequate protection because Debtor is delinquent in monthly payments to Secured Creditor and Debtor is still in possession of the property.

2

Moreover, this Motion is brought pursuant to 11 U.S.C. § 362(d)(1) for "cause" based upon Debtor's failure to make the required post-Petition payments. As set forth in In Re Ellis, 60 B.R. 432, failure to make required payments constitutes "cause" to vacate the pending automatic stay provisions.

Accordingly, Secured Creditor cannot be assured of repayment of the outstanding balance on the account which is the subject hereof nor can it be assured of the proper operation, care, and/or maintenance of the property. Therefore, Secured Creditor lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. § 362.

Secured Creditor will move the above-captioned Court to exercise its jurisdiction in this matter and grant Secured Creditor immediate relief from the pending automatic stay provisions which will allow Secured Creditor to take immediate possession of the property and dispose of the same during the normal course of business.

Secured Creditor will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C.§ 362, and any and all notice required by State and/or Federal law, regulation or statute.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct photocopy of the [proposed] Order setting forth Secured Creditor's request for relief is filed separately herewith and is incorporated herein by reference.

Also, Secured Creditor will move the Court to grant such other and further relief as the Court may deem just and proper.

This Motion is based on the Notice of Motion, the Motion, the Declaration of Magali Escamilla, filed herewith, the pleadings and papers on file in these proceedings and such

3

further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Secured Creditor respectfully prays that this Court:

1. Vacate the automatic stay provisions effected under 11 U.S.C. § 362, as to Debtors, PEDRO NAVEIRAS, JR. and ZENAIDA ALICIA NAVEIRAS, along with any and all other stays which might be in effect, so as to allow Secured Creditor to enforce its rights and remedies under the parties' original, contractual agreement and pursuant to Debtor's default, and thereby allow Secured Creditor to gain immediate possession of the property and dispose of the same in a commercially-reasonable sale;

2. Terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C. § 362, and any and all notice required by State and/or Federal law, regulation or statute;

3. Allow Secured Creditor to file or amend its unsecured claim to allow Secured Creditor to receive, or otherwise collect, any deficient amount that may exist on Debtor's account after sale of the property;

4. That the Order hereon be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

5. Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

///

///

///

///

///

4

6. Grant such other and further relief as the Court may deem just and proper.

Dated: March 26, 2015         LAW OFFICES OF
                              AUSTIN P. NAGEL

                               /s/ Austin P. Nagel
                              Attorneys for Secured Creditor,
                              WELLS FARGO BANK, N.A.,
                              dba WELLS FARGO DEALER SERVICES

WDSBK.143